**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**SHANTA CLARK, ET AL.,**                                          **PLAINTIFFS,**

**VS.**                                               **CIVIL ACTION NO. 2:05CV100-P-B**

**K.C. HAMP, SHERIFF OF TUNICA
COUNTY, MISSISSIPPI, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
SHERIFF OF TUNICA COUNTY,
MISSISSIPPI, ET AL.,**                                    **DEFENDANTS.**

**ORDER**

This matter comes before the court upon Defendants' Motion for Summary Judgment [28-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Because the question of whether exigent circumstances existed during the subject events is a question of fact, *U.S. v. Howard*, 106 F.3d 80, 74 (5th Cir. 1997), the court concludes that the defendants' motion for summary judgment should be denied except with regard to Sheriff Hamp's qualified immunity argument.

It is undisputed that the doctrine of qualified immunity shields a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law. *Harlow v. Fitgerald*, 457 U.S. 800, 807 (1982). The question of objective reasonableness is a question of law. *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997). Furthermore, "if a reasonable officer could have concluded that there was probable cause upon the facts then available to him, qualified immunity will apply. Qualified immunity 'gives ample room for mistaken judgments,' by protecting 'all but the plainly incompetent

1

or those who knowingly violate the law.'" *Id*. at 871-72.

Upon review of the briefs and the applicable law – the plaintiff having not responded to Sheriff Hamp's qualified immunity argument – the court concludes that the sheriff's behavior at issue in the instant case was not objectively unreasonable enough to say that he was plainly incompetent or that he knowingly broke the law. Therefore, he is entitled to qualified immunity and the plaintiffs' claims against Sheriff Hamp in his individual capacity should be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion for Summary Judgment [28-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as the plaintiffs' claims against Sheriff K.C. Hamp in his individual capacity are **DISMISSED WITH PREJUDICE** pursuant to the doctrine of qualified immunity;

(3) The motion is denied with regard to the plaintiffs' remaining claims.

**SO ORDERED** this the 14th day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE